SEP 21 AM 11:52
SOUTHERN DISTRICT OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SIKICH LLP )
)
Plaintiff, )
)
vs. )
)
ICS DYNAMICS, ) Civil Action No. 1:06-cv-1400-SEB-VSS
)
and )
) Jury Trial Demanded
MICHAEL SMART, )
)
)
Defendants. )

**COMPLAINT**

Sikich LLP ("Sikich"), for its Complaint against the defendants, ICS Dynamics ("ICS Dynamics") and Michael Smart ("Mr. Smart"), alleges and states:

PARTIES AND JURISDICTION

1. Sikich is an Illinois limited liability partnership having its corporate office in Aurora, Illinois. Sikich also has an office in Indianapolis, Indiana.

2. Upon information and belief, ICS Dynamics is corporation organized under the laws of Wyoming with a corporate office located in Indianapolis, Indiana.

3. Upon information and belief, Mr. Smart is resident of Indianapolis, Indiana.

4. This action arises under the trademark laws of the United States and the laws of unfair competition. It is brought pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and the common law.

5. This Court has jurisdiction over the subject matter of this case pursuant to 15

U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332 and 1338(b).

6. The amount in controversy exceeds $75,000, excluding interest and costs.

7. This Court has personal jurisdiction over Defendants because, among other things, they reside in Indiana.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

ALLEGATIONS COMMON TO ALL COUNTS

Sikich's Business and Trademark

9. Sikich, through its many divisions, is a provider of a wide variety of professional services. Among the services provided by Sikich are information technology services provided through its ICS Technology division which specializes in, among other things, providing Microsoft-based business solutions to its business clients.

10. Through its ICS Technology division and its predecessors, Sikich has continuously used the mark ICS since at least as early as 1990 throughout the United States in connection with its services. As a result of this continuous use, the mark ICS has acquired distinctiveness in the marketplace.

11. Sikich used this trademark in interstate commerce throughout the United States to identify and distinguish its services prior to Defendants' acts complained of in this Complaint.

12. Sikich has spent and continues to spend a substantial amount of money using, advancing, promoting, and advertising the above-referenced trademark and the services provided thereunder and, as a result of such advertising and of the reputation of Sikich's services, this trademark has attained goodwill among consumers and purchasers of information technology

consulting services, particularly purchasers seeking Microsoft-based business solutions. By the acts described below, Defendants have infringed Sikich's trademark, engaged in unfair and deceptive practices, and deliberately traded on Sikich's goodwill and reputation, to Sikich's irreparable injury.

Defendants' Knowledge of Sikich's ICS Trademark and Their Infringement Thereof

13. Upon information and belief, ICS Dynamics is an information technology consulting services company that offers Microsoft-based business solutions to businesses.

14. Upon information and belief, Mr. Smart is the owner of ICS Dynamics and has acted personally in the infringement of Sikich's trademark rights.

15. Mr. Smart is fully aware of Sikich's services, Sikich's ICS Technology division, and Sikich's valuable ICS trademark. Mr. Smart even attempted to obtain employment with Sikich's ICS Technology division.

16. Defendants offer and/or provide information technology consulting services consisting of Microsoft-based business solutions to businesses under the trademark ICS DYNAMICS. Defendants' use of the mark ICS DYNAMICS in connection with their information technology consulting services is confusingly similar to Sikich's ICS trademark and thus infringes Sikich's mark.

17. Defendants' use of the ICS DYNAMICS mark falsely creates the impression that Defendants' consulting services are affiliated with Sikich, and constitutes trademark infringement and unfair competition.

18. Defendants have no association or affiliation with either Sikich or ICS Technology, nor do they have the consent of Sikich to use the ICS trademark, and Defendants do

not have the sponsorship, consent, approval, or certification of Sikich.

19. Defendants' unfair competition and infringement demonstrate intentional, willful, and bad faith attempts to deceive or to create mistake or confusion in the minds of Sikich's customers and potential customers and of the public, to trade on Sikich's goodwill, to palm off Defendants' services as those of Sikich, and to create the false impression of a connection, affiliation, association, sponsorship, or approval of or between Sikich and Defendants, all causing irreparable injury to Sikich.

20. Sikich has experienced customer confusion stemming from Defendants' ICS DYNAMICS mark.

21. Sikich has no adequate remedy at law.

22. Defendants have been unjustly enriched by their infringing and unfair activities and Sikich is entitled to an accounting for all of Defendants' profits derived from the infringing sales.

23. By reason of Defendants' activities, Sikich has suffered substantial actual damages for injury to its goodwill and reputation, dilution of the distinctive quality of its trademark, and injury to its relationships with customers.

## COUNT I
## False Designation of Origin

24. Sikich realleges and incorporates paragraphs 1 through 23 as if fully set forth in this paragraph.

25. Defendants' intentional and unlawful use in commerce of the confusingly similar mark ICS DYNAMICS constitutes a false designation of origin, false description, and false representation that Defendants and their consulting services are sponsored by, authorized by, or

affiliated with Sikich. Defendants' actions are calculated to cause actual confusion and are likely to cause confusion or mistake among purchasers as to the true origin, source, sponsorship, or affiliation of Defendants' services with Sikich, in violation of 15 U.S.C. § 1125(a). Sikich is entitled to recover actual and treble damages, reasonable attorneys' fees, and the cost of this litigation pursuant to 15 U.S.C. § 1117, and injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II

## Unfair Competition

26. Sikich realleges and incorporates paragraphs 1 through 25 above, as if fully set forth in this paragraph.

27. Defendants have sold, promoted, and offered for sale information technology consulting services under the mark ICS DYNAMICS in violation of the ICS trademark with full knowledge of Sikich's rights, for the purpose of trading upon Sikich's goodwill and reputation and the passing off of such services as those of Sikich.

28. Defendants' actions constitute infringement of Sikich's common law rights and improper and unfair competition. As a result, Sikich is entitled to recover actual and punitive damages.

## COUNT III

## Common Law Trademark Infringement

29. Sikich realleges and incorporates paragraphs 1 through 28, as if fully set forth in this paragraph.

30. Defendants' use of the mark ICS DYNAMICS in commerce infringes Sikich's

common law rights in its ICS trademark.

WHEREFORE, Sikich requests the Court to award the following relief:

1. A preliminary and permanent injunction enjoining and restraining Defendants, their associates, agents, affiliates, servants, employees, officers, directors, representatives, third-party contractors, successors, assigns, attorneys and all persons in active concert or participation with them who learn of the injunction through personal service or otherwise (a) from using the mark ICS, (b) from representing by words or conduct that Defendants or their products and services are authorized, sponsored, endorsed, or otherwise connected with Sikich, and (c) any other conduct which causes, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the source, affiliation, connection or association of Defendants' services with those of Sikich.

2. An accounting and judgment against Defendants for (a) all income and profits received from the sale of consulting services by Defendants under the infringing ICS DYNAMICS mark, (b) damages sustained by Sikich on account of Defendants' trademark infringement, unfair competition, and false designation of origin, (c) treble damages, where appropriate, and (d) punitive damages to deter such actions in the future.

3. The transfer to Sikich of Defendants' domain name icsdynamics.com.

4. Sikich's costs and expenses of this suit, including reasonable attorneys' fees and expenses.

5. Pursuant to 15 U.S.C. § 1118, the destruction and/or deletion of all forms, advertisements, promotional materials or any other materials bearing the term ICS DYNAMICS or any other term infringing any of Sikich's trademarks or constituting unfair competition.

6. All other just and proper relief.

## JURY DEMAND

The plaintiff requests a trial by jury on its claims.

Respectfully submitted,

Mary Jane Frisby (22213-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: 317-236-1313
Facsimile: 317-231-7433

Thomas J. Donovan
BARNES & THORNBURG LLP
One North Wacker Drive
Suite 4400
Chicago, Illinois 60606-2833
Telephone: 312-357-1313
Facsimile: 312-759-5646

Attorneys for Plaintiff,
Sikich LLP